OPINION OF THE COURT
Bertram R Gelfand, J.
In this probate proceeding, proponents contend that three of decedent’s grandchildren “are not persons required to be cited under SCPA 1403”. These three grandchildren are not distributees of the deceased inasmuch as their respective fathers, who are two of the decedent’s three sons, also survived the decedent. However, with regard to each of these grandchildren, the propounded instrument revokes a Totten trust bank account that the decedent had established for each grandchild’s benefit and provides that the proceeds from the revoked account shall “pour over” into an inter vivos trust for the benefit of said grandchild.
Petitioner is correct that a literal reading of SCPA 1403, read in isolation from all other statutes, does not disclose any specific provision that would require service of process in a probate proceeding upon a person who except for the propounded instrument would be the beneficiary of a Tot-ten trust bank account. However, such a narrow reading of the statute disregards both the purpose of process in a probate proceeding and the provisions of SCPA 1410 that provide that “[ a |ny person whose interest in property or in *201 the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will” (emphasis added).
Clearly, a propounded instrument which purports to revoke a Totten trust bank account adversely affects the interest of the beneficiary of that account in the property of the testator. Fundamental concepts of fairness required by due process preclude a determination that a person has a right to file objections, but has no right to receive notice of the proceeding so that they may timely file objections. Accordingly, it is concluded that beneficiaries of Totten trust bank accounts which the propounded instrument revokes are necessary parties to the probate proceeding and process must be served upon them.
There remains the contention of petitioners that in this case, despite the propounded instrument revoking the Totten trusts, the beneficiaries are not adversely affected “in the broad sense of the word” by the revocation because the “pour over” provisions in the propounded instrument places the proceeds of the accounts in an inter vivos trust for the benefit of the Totten trust beneficiaries. It is claimed that this merely defers the absolute payment of the funds to the beneficiaries from age 18 to 21. Although a person may not be deprived of property in the broad sense of the word, his interest therein is “adversely affected” whenever his absolute ownership thereof is delayed. Moreover, the interests of these infant grandchildren could be adversely affected if the funds are to be administered pursuant to the terms of the inter vivos trusts instead of by the guardian of their property pursuant to SCPA article 17 because under the broad discretion granted to the trustees they could disburse the funds for obligations which would otherwise be the responsibility of the infants’ respective parents while such expenditures would not be permissible by a guardian of their property.
Accordingly, the application to dispense with the service of process upon these three grandchildren is denied. Supplemental process shall be served upon each of them. However, the court concurs with petitioners’ conclusion that process need not be served upon Elena Brachfeld, another grandchild of the decedent, because the Totten *202 trust bank account for her benefit was apparently revoked by the decedent during his lifetime by withdrawing the proceeds therefrom and paying the same to the beneficiary.
The court notes that petitioners apparently pursued the instant application with such vigor not because of the minimal expense or delay in serving process upon the grandchildren, but because of their desire to avoid the necessity to appoint a guardian ad litem for these infants. The court shares petitioner’s desire to avoid the appointment of guardians ad litem wherever legally possible. Here, it is not possible. One guardian ad litem can represent the interests of the three grandchildren and in the event that the guardian ad litem is not required to perform any unusual services and does not find any valid grounds to object to the will, the fee that would be allowed for such services clearly falls within the bounds of minimal in relation to the size of this estate which petitioners have estimated to have a value of $350,000.